MORRISON | FOERSTER

250 WEST 55TH STREET
NEW YORK, NY  10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI
SINGAPORE, TOKYO, WASHINGTON, D.C.

September 18, 2020

Writer's Direct Contact
+1 (212) 336.4069
DFioccola@mofo.com

**VIA CM/ECF**

The Honorable Judge Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Samanich v. Facebook et al.*, 1:20-cv-04058-KAM-LB

Dear Judge Matsumoto:

I write on behalf of Uber Technologies, Inc. in advance of the Pre-Motion Conference this Court has scheduled to occur on October 8, 2020.  Dkt. 8.  Like Facebook and Twitter, Uber intends to move to dismiss Plaintiff's frivolous complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure or, at a minimum, to join these motions to avoid putting duplicative briefing and arguments before the Court.

Uber joins the arguments made in Facebook's pre-motion letter. As explained in Facebook's letter, Plaintiff's complaint fails to state facts on which any relief could be granted, setting forth unsupported allegations that unspecified persons conspired to steal Plaintiff's ideas for Facebook, Twitter, and Uber based on statements Plaintiff made in an online chatroom in the early 2000s.  *See* Dkt. 1-1 (Complaint); *see also* Dkt. 1-4 ("Motion of Civil Claim").  The Court should dismiss Plaintiff's complaint as frivolous if he seeks to litigate in forma pauperis.  Should Plaintiff pay the filing fee, the Court should dismiss the complaint under Rule 12(b)(6).

Respectfully submitted,

/s/ David J. Fioccola
David J. Fioccola

cc: Plaintiff (by US Mail)