UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
UDDHAVA SAMANICH,

                *Plaintiff*,                    **Memorandum and Order**

   -against-                         20-CV-04058(KAM)(LB)


FACEBOOK, TWITTER, and UBER,

                *Defendants*.
--------------------------------------X

**KIYO A. MATSUMOTO, United States District Judge:**

       *Pro se* plaintiff in this matter, Uddhava Samanich
("Plaintiff"), brought claims against Facebook, Inc.
("Facebook"), Twitter, Inc. ("Twitter"), and Uber Technologies,
Inc. ("Uber")(collectively, "Defendants"), related to an alleged
conspiracy in which Plaintiff originally conceived the ideas for
Facebook, Twitter, and Uber, only to have them stolen from him
by events orchestrated by the Defendants. (*See generally* ECF
No. 1-1, Def.'s Notice of Removal ("Notice"), Ex. A, Compl.)
Plaintiff further alleges that Defendants have since been
infringing on his purported copyrights to each. (*Id.*)
Defendant Facebook timely removed the case to this court, and
Defendants Twitter and Uber consented to the removal. (ECF No.
1, Def.'s Notice; ECF No. 12, Def. Twitter Consent to Removal;
ECF No. 16, Def. Uber Consent to Removal.) Plaintiff filed a
motion to remand to state court. (ECF No. 26, Pl.'s Mot. to

1

Remand to State Ct. ("Remand Mot.").) Defendants jointly opposed the remand motion and jointly filed a motion to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 31, Defs.' Mot. to Dismiss.) For the reasons herein, Plaintiff's motion to remand to state court is DENIED; Defendants' motion to dismiss is GRANTED.

## Background

Plaintiff, acting *pro se*, initiated this action by filing a complaint on July 17, 2020, against Defendants in Supreme Court, Queens County.[1] *See Samanich. v. Facebook, Inc.*, Index No. 710421/2020;(*see also* Notice, Ex. A, Compl.) Plaintiff alleges that he developed the ideas for the Defendants' businesses, Facebook, Twitter, and Uber, but that Plaintiff's ideas were stolen from him in a conspiracy devised against him by the Defendants. (*Id.* at p. 3.) Plaintiff is seeking fifty-one percent control of each company and all profits since the companies were established, or $360 billion in damages. (*Id.* at p. 2.)

Plaintiff alleges in the addendum to the complaint that Plaintiff "created the idea to have an online form of

---

[1] In Facebook's Notice of Removal, Facebook raised Plaintiff's insufficient service of process on Facebook under New York Civil Practice Law and Rules ("CPLR") § 311. (Notice at ¶ 3.) Defendants, however, did not raise this argument or move to dismiss under Federal Rule of Civil Procedure 12(b)(5) in Defendants' joint motion to dismiss the present action. (*See* Defs.' Mot. to Dismiss.) Accordingly, the court considers this defense waived. *See* Fed. R. Civ. P. 12(h).

keeping in touch with classmates," and that he posted about these ideas in online chatrooms. (ECF No. 1-4, Notice, Ex. D, Pl.'s Add. at p. 2.) Plaintiff alleges he repeatedly posted about his ideas for the three companies to seek out business partners, not to have the public steal these ideas and target him. (*Id.* at p. 6.) As part of the conspiracy Plaintiff alleges, his ideas for Facebook and Twitter were stolen using email hacking, and his idea for Uber was stolen by a law enforcement agent who also hacked his emails. (*Id.* at p. 7.)

Defendant Facebook asserts, and Plaintiff does not dispute, that after filing the complaint in the state action, Plaintiff sent Defendant Facebook a package by Certified Mail on or around August 18, 2020. (Notice at ¶ 3.) This package included the Summons and Complaint filed in state court, as well as the addendum to the complaint, a document titled "Motion of Civil Claim." (*See* Notice at ¶ 3; *see also* Notice, Ex. D, Pl.'s Add.) As of the time of Defendant Facebook's filing of the Notice of Removal before this court, Plaintiff had not filed any proof of service in the relevant state court. (Notice at ¶ 4.)

On August 31, 2020, Defendant Facebook removed the case to this court, alleging diversity jurisdiction under 28 U.S.C. § 1332; Uber and Twitter consented to removal soon after. (*See* Def.'s Notice; Def. Twitter's Consent to Removal; Def. Uber's Consent to Removal.) On October 8, 2020, a pre-motion

conference was held to discuss Defendants' anticipated motion to dismiss. (*See* Min. Entry, Oct. 8, 2020).  On November 2, 2020, Plaintiff filed a motion to remand this case to state court. (*See* Remand Mot.)  On December 1, 2020, Defendants filed a joint opposition to Plaintiff's motion to remand.  (*See* ECF No. 27, Defs.' Mem. in Opp'n ("Defs.' Opp'n").)  On December 30, 2020, Plaintiff filed a reply to Defendants' memorandum in opposition. (*See* ECF No. 29, Pl.'s Reply to Defs.' Opp'n ("Pl. Reply").) Also on December 30, Plaintiff filed a document styled as a "Motion of Due Process Clause," which Plaintiff entitled, "Refutation," and which Defendants considered to be Plaintiff's opposition to their joint motion to dismiss.  (*See* ECF No. 30, Pl.'s Mot. to Due Process; *see also* ECF No. 31, Defs.' Letter.) On January 12, 2021, Defendants filed a joint motion to dismiss for failure to state a claim.  (*See* ECF No. 31, Defs.' Mot. to Dismiss.)  Defendants also filed a joint reply in support of Defendants' joint motion to dismiss.  (*See* ECF No. 32, Defs.' Reply in Supp.)

## Jurisdiction

### I.  Diversity of Citizenship and Removal

As will be discussed in greater detail *infra*, this court has removal jurisdiction over the present case.  Title 28, Section 1441, the general removal provision, "permits defendants to remove any claim that could be brought in federal court as

4

well as any claim that is joined with a claim premised on federal law." *Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 105-06 (2d Cir. 2004). Even without the inclusion of Plaintiff's liberally construed copyright claims (discussed immediately *infra*), this court has removal jurisdiction under 28 U.S.C. § 1441(b), where removal may be based on diversity of citizenship.

All the requirements for removal have been satisfied. Under diversity jurisdiction, district courts have original jurisdiction over civil actions where the matter in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs" and where the matter is between "citizens of different States." 28 U.S.C. §§ 1332(a)-(a)(1). Here, the amount in controversy far exceeds the statutory minimum of $75,000— Plaintiff alleges $360 billion in damages. (Notice, Ex. D, Pl.'s Add. at p. 8.) Further, there is complete diversity among all parties: Plaintiff is a citizen of New York, and Defendants are citizens of Delaware and California. (*See* Notice, Ex. B, Pl.'s Poor Person Appl., at p. 1; *see also* Notice at ¶ 12.)

Finally, Defendants have satisfied the procedural requirements for removal. The court finds the notice of removal to be timely. The plain language of the statute provides that "notice of removal of a civil action...shall be filed within 30 days after the receipt by the defendant, through service *or*

5

*otherwise*, of a copy of the initial pleading[.]" 28 U.S.C.A. §

1446(b) (emphasis added). Though Defendant was not properly

served with process under New York State law, Defendant Facebook

received the initial pleading on August 20, 2020, and filed the

notice of removal shortly thereafter on August 31, 2020.[2]

(Notice at ¶ 3.) The Supreme Court has held that the removal

period only begins upon formal service of process; accordingly,

here, the removal period clock has not yet started to run, and

Defendant's notice of removal is timely. *Pietrangelo v. Alvas

Corp*., 686 F.3d 62, 65 (2d Cir. 2012) *Murphy Bros., Inc.*, 526

U.S. at 347-48 (1999). Further, though Defendant Facebook filed

the notice of removal independently, Defendants Twitter and Uber

each consented to removal as required by law. 28 U.S.C.A. §

1446(b)(2)(A); (*see also generally* Notice; Def. Twitter Consent

to Removal; Def. Uber Consent to Removal.)

## II. Copyright

Though federal question jurisdiction is not invoked by

Defendants as a basis for removal, and though Plaintiff's

---

[2] The court looks to state law to determine whether service is complete
for the purposes of 28 U.S.C. § 1446. *Williams v. Connell*, No. 12-cv-3593,
2017 WL 2829686, at *4 (E.D.N.Y. June 29, 2017) (citing *Murphy Bros., Inc. v.
Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999)). Plaintiff failed to comply
with New York Civil Practice Law and Rules ("CPLR") regarding service of the
summons and complaint on Defendants. Notably, however, Defendant Facebook, in
the Notice of Removal, only states that service was not proper as Plaintiff did
not properly serve Facebook under N.Y. CPLR § 311. (Notice at ¶ 3.) As an
alternative to Section 311, personal service may be effected by first class
mail under Section 312-a. N.Y. CPLR § 312-a(a). Therefore, Plaintiff failed to
properly serve under both New York CPLR Section 311 and Section 312-a. N.Y.
CPLR §§ 311, 312-a.

filings and the wide range of claims presented in those filings are at times incomprehensible, Plaintiff *has* specifically alleged the stealing of his intellectual property and the infringement upon his copyright. (Notice, Ex. D, Pl.'s Add. at pp. 2, 6.) In the Second Circuit, the general premise that copyrights, "like all other forms of property, should be enjoyed by their true owner," is not sufficient to establish that federal principles control disposition of the alleged claims and to place the case within federal jurisdiction as arising under U.S. Copyright Law. *T. B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964). The Second Circuit has provided that in order for a case to properly arise under the Copyright Act, the complaint 1) must be for a remedy expressly granted by the Act, 2) assert a claim requiring construction of the Act, or 3) "at the very least and perhaps more doubtfully, presen[t] a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim." *Id.* The court, construing *pro se* Plaintiff's claims liberally as required, finds that Plaintiff seeks a remedy expressly granted by the Act. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

**<u>Legal Standards</u>**

### I. Pro Se

Where, as here, a plaintiff is proceeding *pro se*, the court must construe the plaintiff's pleadings liberally. *See e.g., Sealed Plaintiff* 537 F.3d at 191; *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). Despite this lenient standard, however, a *pro se* complaint must still state a claim to relief that is plausible. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

### II. Motion to Dismiss

Plaintiff's complaint must be dismissed if it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss under Rule 12(b)(6), the court evaluates the sufficiency of a complaint under a "two-pronged approach." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, courts are not bound to accept legal conclusions when examining the sufficiency of a complaint. *See id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Second, the court must assume all well-pleaded facts are true, and then "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

### III.    Removal and Remand

Section 1441 governs removals from state to federal court.  *See* 28 U.S.C. § 1441.  A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Generally, a case may be removed from state court to federal court "only if it could have originally been commenced in federal court on either the basis of federal question jurisdiction or diversity jurisdiction." *Citibank, N.A. v. Swiatkoski*, 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2005) (citing 28 U.S.C. § 1441(a)); *see also* 28 U.S.C. § 1441. A party seeking to remove an action from state to federal court bears the burden of proving federal jurisdiction.  *See Alvarado v. New England Motor Freight, Inc.*, No. 18-cv-2027 (RML), 2018 WL 4043151, at *1 (E.D.N.Y. Aug. 24, 2018) (quoting *Linardos v. Fortuna,* 157 F.3d 945, 947).

After a case has been removed to federal court, a party may move to remand the case back to state court.  28 U.S.C. § 1447.  "On a motion to remand, the defendant bears the burden of demonstrating the propriety of removal." *Mintz & Gold LLP v. Daibes*, No. 15-cv-1218, 2015 WL 2130935, at *3 (S.D.N.Y. May 6, 2015) (internal quotation marks omitted) (quoting *Cal. Pub. Emps.' Ret. Sys.*, 368 F.3d at 100).  Any doubts as to removability must be resolved against removal.  *In re Methyl*

*Tertiary Butyl Ether ("MBTE") Prods. Liab. Litig.*, 488 F.3d 112,
124 (2d Cir. 2007). If, prior to final judgment, a federal
court determines that it lacks subject matter jurisdiction over
a case removed from state court, the case must be remanded. 28
U.S.C. § 1447(c).

### IV. Copyright Infringement

Two elements must be proven to establish a claim of
copyright infringement: "(1) ownership of a valid copyright, and
(2) copying of constituent elements of the work that are
original." *Abdin v. CBS Broadcasting Inc.*, 971 F.3d 57, 66 (2d
Cir. 2020) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
499 U.S. 340, 361 (1991). In order for the second element to be
satisfied, a further two elements must be met, as plaintiff
"must demonstrate that: (1) the defendant has actually copied
the plaintiff's work; and (2) the copying is illegal because a
substantial similarity exists between the defendants work and
the protectible elements of plaintiff's [work]." *Id.* (quoting
*Yurman Design, Inc. v. PAJ Inc.*, 262 F.3d 101, 110 (2d Cir.
2001).

### Discussion

Plaintiff's complaint, to the extent intelligible, has
been broadly determined by this court to allege: (1) copyright
infringement, and (2) common-law unfair competition based on
purported misappropriation of business ideas. The Defendants

moved to dismiss these claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  The court will first discuss Plaintiff's motion to remand the case to state court.

### I.  Motion to Remand

After Defendants removed this case to federal court, Plaintiff filed a motion to remand the case back to state court. (*See* Remand Mot.)  Defendants argue this court has removal jurisdiction based on diversity of citizenship.  (*See* Defs.' Opp'n at 2.)

### A. Removal to Federal Court

As discussed more briefly *supra* in the court's analysis of jurisdiction, the court finds that it has removal jurisdiction over the present dispute.  Removal jurisdiction has two requirements: (1) there must be a basis for the exercise of the district court's jurisdiction, and (2) removal must be prompt.  *See* 28 U.S.C. § 1441(a)-(b).  Defendants allege that this court has removal jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332(a).  Diversity of citizenship jurisdiction requires that the matter in controversy be between citizens of different states and that the matter in controversy exceed the sum or value of $75,000, exclusive of interests and costs.  28 U.S.C. § 1332(a).

First, to successfully allege diversity jurisdiction, there must be complete diversity: no plaintiff and no defendant can be citizens from the same state. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553, (2005). Plaintiff is a citizen of New York, as evidenced by his successful application to proceed as a poor person in which he swore to residing at a New York address. (*See* Pl. Reply at 9.) None of the Defendants are citizens of New York, therefore complete diversity exists.

Second, the amount in controversy must exceed $75,000. *See* 28. U.S.C. § 1332(a). Plaintiff is alleging $360 billion in damages, which far exceeds $75,000. (*See* Notice, Ex. A, Compl. at 3; *see also* Notice, Ex. D., Pl. Add. at p. 8.) Plaintiff did not explain precisely how he came to compute these damages, other than alleging Defendants stole the ideas for his company and have been profiting ever since. (Notice, Ex. D, Pl. Add. at pp. 8-9.) "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to be a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Scherer v. Equitable Life Assur. Soc'y of the U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) (quoting *Moore v. Betit,* 511 F.2d 1004, 1006 (2d Cir. 1975)). Defendants' burden is met, for the court

recognizes a rebuttable presumption that the amount identified in a complaint is a good faith representation of the actual amount in controversy. *Scherer,* 347 F.3d at 397 (Recognizing a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy, and that there is a high bar for overcoming this presumption.) (internal citations and quotations omitted). Plaintiff's damages claim, while extensive, appears to be made in good faith, and if his claims are proven, the amount in controversy would far exceed $75,000. Further, when damages are uncertain, the doubt should be resolved in favor of the plaintiff's pleadings. *Id*. Because the party invoking federal jurisdiction bears the burden of showing the amount in controversy is over the statutory amount, and Plaintiff's claim for damages is presumed to have been made in good faith, the pleadings reasonably allege a demand more than $75,000 and the amount in controversy requirement is accordingly met.

The time period by which to remove has not yet begun because Plaintiff has not properly served Defendants with a copy of the summons and complaint. Pursuant to 28 U.S.C. § 1446(b), an action must be removed within thirty days of the defendant's receipt of the summons and complaint "through service or otherwise." 28 U.S.C. § 1446(b). This thirty-day period begins to run on the date of "simultaneous service of the summons and

complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros.*, 526 U.S. at 347-48. The Second Circuit has interpreted "through service or otherwise" to mean that "the commencement of the removal period could only be triggered by formal service of process, regardless of whether the statutory phrase 'or otherwise' hints at some other proper means of receipt of the initial pleading." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 202 (2d Cir. 2001) (citing *Murphy Bros.*, 526 U.S. at 349-356). "New York courts have held that service of process that does not comply with the authorized statutory methods is deficient even if the defendant learns that the action is pending." *Scully v. Chase Bank USA, NA*, No. 16-cv-325 (NGG), 2016 WL 2977270, at *2 (E.D.N.Y. May 20, 2016) (citing *Macchia v. Russo*, 67 N.Y.2d 592, 595 (N.Y. 1986) (per curiam); *Buggs v. Ehrnschwender*, 968 F.2d 1544, 1548 (2d Cir. 1992)). Ultimately, because Plaintiff has failed to demonstrate that he has effected formal service of process under New York state law, the thirty-day removal period of 28 U.S.C. § 1446(b) has not started or lapsed, and Defendants have timely removed the present case. *See Scully*, 2016 WL 2977270, at *2 ("Plaintiff did not serve Defendants in accordance with New York law. Therefore, Defendants' 30-day limit to file for removal has not

begun to run and Defendants' Notice of Removal was filed timely.").

## B. Motion to Remand

When a defendant removes a case to federal court, a plaintiff may move for remand if "it appears that the district court lacks subject matter jurisdiction."  See 28 U.S.C. § 1447(c); *Alvarado*, 2018 WL 4043151, at *1.  When reviewing a motion to remand, "the court construes all factual allegations in favor of the party seeking the remand."  *Alvarado*, 2018 WL 4043151, at *1 (quoting *O'Brien & Gere Ltd. v. Bus. Software All.*, 2008 WL 268430 (N.D.N.Y. Jan 30, 2008).  On a motion to remand, as here, Defendants bear the burden of demonstrating that removal was appropriate.  *Mintz & Gold LLP*, 2015 WL 2130935, at *3 (internal quotation marks omitted) (quoting *Cal. Pub. Emp. Ret. Sys.*, 368 F.3d at 100 (2d Cir. 2004)).  As discussed immediately *supra*, Defendants have met their burden and demonstrated the propriety of removal in the present case.

Though the burden is not on Plaintiff, Plaintiff seeks to remand this case to state court, and Plaintiff fails to successfully argue that this court is without subject matter jurisdiction.  Plaintiff does not, and cannot, argue that the parties presently before the court lack complete diversity or that the amount in controversy does not exceed $75,000. Instead, Plaintiff argues that he did not consent to removal.

(*See* Remand Mot. at p. 5.)  Consent on behalf of the Plaintiff, however, is not a requirement for removing an action from state court to federal court.  Plaintiff further invokes 28 U.S.C. § 1404 to assert that removal is improper.  (*Id.* at 3-8.)  This statute regarding change of venue, however, concerns transfers from one federal district court to another, and also does not require consent from the nonmoving party.  28 U.S.C. §1404(a).

For all the foregoing reasons, the court has removal jurisdiction over this case based on diversity of citizenship. Based on a review of the record and the court's independent determination of its jurisdiction, the court finds that removal of this action was proper and denies Plaintiff's motion to remand.

## II.   Motion to Dismiss

Plaintiff's complaint, although at times unclear, has been liberally and broadly construed by this court to allege: (1) copyright infringement, and (2) common-law unfair competition based on purported misappropriation of business ideas.  The Defendants move to dismiss these claims under Federal Rule of Civil Procedure 12(b)(6).  For purposes of Defendant's 12(b)(6) motion, the court assumes the allegations in the complaint are true.

A. Copyright Infringement

To establish a claim of copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Abdin v. CBS Broadcasting Inc.*, 971 F.3d 57, 66 (2d Cir. 2020) (quoting *Feist Publ'ns, Inc.*, 499 U.S. at 361. In order for the second element to be satisfied, a plaintiff "must demonstrate that: (1) the defendant has actually copied the plaintiff's work; *and* (2) the copying is illegal because a substantial similarity exists between the defendants work and the protectible elements of plaintiff's [work]." *Id.* (quoting *Yurman Design, Inc. v. PAJ Inc.*, 262 F.3d 101, 110 (2d Cir. 2001). The statutory limitation on civil actions for copyright infringement is three years. 17 U.S.C. § 507(b).

As a preliminary matter, Plaintiff's civil claims for copyright infringement are time-barred, as they were brought in 2020, far more than three years after the claims accrued, theoretically in the years 2002, 2004, and 2010. (Notice, Ex. A, Compl.; Notice, Ex. D, Pl. Add. at p. 2.) A claim of ownership accrues "only once, when a reasonably diligent plaintiff would have been put on inquiry as to the existence of a right[.]" *Latin Am. Music Co. v. Spanish Broad. Sys., Inc.*, 738 F. App'x 722 (2d Cir. 2018) (quoting *Kwan v. Schlein*, 634 F.3d 224, 228 (2d Cir. 2011)). The court finds, and Plaintiff's

17

filings suggest, that Plaintiff would have been on notice regarding the existence of Facebook, Twitter, and Uber within three years after the founding of these companies, or 2005, 2007, and 2013.  Even so, Plaintiff appears to allege that he was aware of the formation of these companies based on his allegedly stolen ideas as early as 2006 for Twitter and 2010 for Uber.  (Notice, Ex. D, Pl. Add. at p. 6.)  Based on Plaintiff's addendum to the complaint, by "2015-2016," it appears that Plaintiff already generally identified the Defendants as "perpetrators."  (*Id*. at p. 3.)  In the most extreme case, Plaintiff appears to indicate that Plaintiff was aware of the alleged infringement from the very beginning, as Plaintiff states that, "all the time along [I] began to report it for years online and in many ways[.]"  (*Id*. at p. 9.)  The court finds that Plaintiff's copyright claims are untimely, and thus, Plaintiff cannot state a claim for copyright infringement.

Even if Plaintiff had not failed procedurally to bring a timely claim for copyright infringement, the court finds that Plaintiff also fails to adequately state a substantive claim for copyright infringement.  First, based on the record, Plaintiff has not alleged that he owns and has registered any copyright.  Even if Plaintiff had attempted to register a copyright, at most Plaintiff alleges the stealing of his ideas and/or concepts; general facts and ideas, without more, are not

protected by copyright. *See Feist Publications, Inc.*, 499 U.S. at 348-49. Plaintiff simply cannot satisfy the first element of copyright infringement, because Plaintiff has never registered any of the copyrights alleged to be at issue in this case.

Second, Plaintiff has failed to demonstrate any substantial similarity between any of the Defendants' content and his own, outside of conclusory allegations of conspiracy. Though Plaintiff later states his ideas were stole via hacking and record interference, Plaintiff first alleges that he posted publicly "about Facebook and Twitter" from 2002 and 2004 in America Online ("AOL") chatrooms. (Notice, Ex. D, Compl. at p. 2.) Plaintiff also states that he made a Craigslist advertisement for Uber as part of his search for investors. (*Id.* at p. 5.) Plaintiff's most specific description of his "intellectual property" in Plaintiff's addendum to the complaint states "he created the idea to have an online form of keeping in touch with classmates[.]" (*Id.* at pp. 2-3.) The court does not consider this description to demonstrate substantial similarity between Plaintiff's alleged creation of an "idea" and the social media platforms Facebook or Twitter; certainly there is no similarity between Plaintiff's "idea" and the ridesharing and food delivery application Uber.

There is not enough in the complaint or the addendum to the complaint to bring Plaintiff's right to the requested

relief "above the speculative level." *See Twombly*, 550 U.S. at 555. Even if Plaintiff's work had progressed beyond mere ideas, Plaintiff failed to express them in any tangible form, and there is not enough similarity between the Plaintiff's intangible ideas and/or concepts and the Defendants. Plaintiff has not alleged plausible facts or identified any documentation, statements, or other evidence that could lead the court to conclude that Plaintiff has sufficiently stated a claim that entitles him to the relief sought. For the reasons set forth herein, Plaintiff has failed to state a claim for copyright infringement.

### B. Unfair Competition

As a threshold matter, considering that the subject matter at issue with respect to Plaintiff's claims of unfair competition fall squarely within the subject matter of copyright, Plaintiff's state law claims for unfair competition are preempted. 17 U.S.C.A § 301; *see also Kregos v. Associated Press*, 3 F.3d 656, 666 (2d Cir. 1993) (State law cause of actions are preempted by federal copyright laws if the subject matter of the state-law right falls within the subject matter of federal copyright laws and the state-law right asserted, like the common law of unfair competition in New York, is equivalent to the exclusive rights protected by federal copyright law.) (internal citations omitted). Further, even if Plaintiff's

unfair competition claims were not preempted, these claims, like

the copyright claims, are time-barred: the statute of

limitations under New York law for an unfair competition claim

based on misappropriation of another's labors or expenditures is

three years. *Norbrook Labs. Ltd. v. G.C. Hanford Mfg. Co.*, 126

F. App'x 507, 509 (2d Cir. 2005) (internal citations omitted).

Even if Plaintiff's unfair competition claims were

procedurally proper, Plaintiff has failed to sufficiently state

a claim for relief. "The essence of an unfair competition claim

is that the defendant has misappropriated the labors and

expenditures of another and has done so in bad faith." *Coca-*

*Cola North America v. Crawley Juice, Inc.*, Nos. 09-cv-3259 (JG),

09-cv-3260 (KAM), 09-cv-3279 (ERK), 2011 WL 1882845, at *6

(E.D.N.Y. May 17, 2011). While there is no finite list of

activities which amount to unfair competition, the essence of

the claim is that one acted in bad faith to misappropriate the

labor of another. *Id.*

Plaintiff's allegations generally appear to revolve

around a conspiracy invoked against him by Defendants which was

orchestrated to steal his business ideas. (*See generally*

Notice, Ex. A., Compl.; *see also* Notice, Ex. D., Pl. Add.)

Plaintiff claims that he "created the idea to have an online

form of keeping in touch with classmates" before Facebook was

founded in 2004, and before Twitter was founded in 2006.

(Notice, Ex. D., Pl. Add. at p. 2.)  Plaintiff alleges that he

posted about the ideas in AOL chatrooms between 2002 and 2004 in

order to seek out potential investors.  (*Id.*)  Plaintiff also

alleges he "made a [C]raigslist ad for Uber" to seek investors

before Uber was founded "in March of 2010." (*Id.* at pp. 2, 6.)

Plaintiff does not allege facts establishing that any of his

labors and expenditures were misappropriated.  Instead,

Plaintiff claims that his ideas were stolen from him by the "use

of email hacking" in a broad conspiracy including a law

enforcement agent, government agencies, and public figures.

(*Id.* at p. 3-7.)  These allegations, however, are fantastical

and conclusory, and Plaintiff fails to provide any plausible

facts or other support regarding these events.

Plaintiff has failed to show that any idea was taken

by fraud, deception, or bad faith, as he admitted to discussing

these ideas on his own volition using public platforms.  (*Id.* at

pp. 2, 6.)  A misappropriation claim cannot extend to material

in the public domain.  Plaintiff's pleadings fail to plausibly

allege that Defendants acted in bad faith; the pleadings only

allege that Plaintiff discussed ideas on AOL, a public platform,

between 2002 and 2004, and again on a Craigslist around 2010.

(*Id.*)  Absent any concrete factual allegation, let alone factual

support, that Defendants acted for any improper reason,

Plaintiff is unable to show bad faith and misappropriation of

his labor and expenditures.  Accordingly, the court finds that Plaintiff has not sufficiently alleged unfair competition based on the misappropriation of business ideas.

## Conclusion

For the foregoing reasons, Plaintiff's motion to remand is DENIED.  As the court finds Plaintiff's claims to be time-barred, any amendment would be futile. Thus, Defendants' motion to dismiss Plaintiff's complaint is GRANTED, with prejudice.  The Clerk of Court is respectfully directed to enter judgment in favor of Defendants, serve a copy of this Memorandum and Order and the judgment on Plaintiff, note service on the docket, and close this case.

**SO ORDERED.**

Dated:      Brooklyn, New York
            July 8, 2021

                          /s/ Kiyo A. Matsumoto
                          Hon. Kiyo A. Matsumoto
                          United States District Judge